Elizabeth Linda KLEIN et al., Plaintiffs,

v.

NASSAU COUNTY MEDICAL CENTER et al., Defendants.

No. 72 C 386.

United States District Court, E. D. New York.

March 10, 1976.

**732**

Rhonda Copelon, New York City (Center for Constitutional Rights) and Jerome Seidel, Brooklyn, N. Y. (Nancy Stearns, New York City, of counsel), for plaintiffs.

A. Seth Greenwald, New York City (Louis J. Lefkowitz, Atty. Gen., of counsel), for the Commissioner of Social Services and the Department of Social Services.

Vincent Esposito, Mineola (John F. O'Shaughnessy, County Atty., Mineola, of counsel), for Nassau County Medical Center and the County defendants.

## DECISION and ORDER

Before LUMBARD, Circuit Judge, and DOOLING and NEAHER, District Judges.

PER CURIAM:

Following the earlier decision in this case (347 F.Supp. 496), the taking of the appeal from that decision, and the Supreme Court's decisions in *Roe v. Wade,* 1973, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 and *Doe v. Bolton,* 1973, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201, the Supreme Court affirmed the judgment denying the motion for preliminary injunction of the guardian for the interests of unborn children (1973, 412 U.S. 924, 93 S.Ct. 2747, 37 L.Ed.2d 151) and vacated the remainder of the judgment "for further consideration in light of" *Wade* and *Bolton* (1973, 412 U.S. 925, 93 S.Ct. 2747, 37 L.Ed.2d 152).

Plaintiffs now move, in effect, for summary judgment reinstating the earlier decision. That decision turned on Administrative Letter 71 PWD–17 of the Commissioner of Social Services, approved and interpreted in *Matter of City of New York v. Wyman,* 1972, 30 N.Y.2d 537, 330 N.Y.S.2d 385, 281 N.E.2d 180, and reiterated in the Commissioner's Administrative Letter 72 PWD–27. The Administrative Letters explicitly ruled that "elective abortions not medically indicated" are not reimbursable under Section 365–a of the Social Services Law because they are "not necessary and medically indicated," and, in consequence, are not covered by the statute and by Medicaid. The earlier decision of this Court concluded, *first,* that the Administrative Letter denied Medicaid reimbursement except where the abortional act was necessary to preserve the life or health of the mother, that such state action necessarily discriminated against the indigent by reason of their indigency and by reason of their having made a choice which the Penal Law § 125.05 legitimized, and that no identifiable state interest was served by the discrimination (347 F.Supp. at 500–501), and, *second,* that

" . . . it may well be that a still more fundamental right is infringed whenever an attempt is made by statute or rule to deny, or, as here, substantially to interfere with, the preg-

nant woman's interest in freely determining whether or not to bear a child. *Abele v. Markle,* D.Conn.1972, 342 F.Supp. 800, 804." (347 F.Supp. at 500)

The defendants were therefore ordered to cease giving effect to Administrative Letter 71 PWD–17.

The Attorney General argues that a "real case of controversy" is no longer presented. The claim is not that termination of plaintiffs' pregnancies has mooted the class action, a contention rejected in *Wade* (410 U.S. at 125, 93 S.Ct. at 709, 35 L.Ed.2d at 151), but that there is no showing that Nassau County Medical Center has refused to perform abortions for indigent women or that Medicaid reimbursement has been refused. The record, however, is clear that the Attorney General steadfastly maintains that Administrative Letter 71 PWD–17 is valid, argues that neither the Supreme Court nor the Legislature in removing penal sanctions "thereby opted for free abortions for indigents," and contends that the State has a reasonable basis for excluding reimbursement for voluntary abortions requested by indigents from the limited resources available for Medicaid. In a word, the State's position continues to be directly contrary to the earlier decision in this case. There is an indication that if physicians certify that the abortion is "medically indicated," the certificates are not in practice questioned, but there can be no assurance that the covert practice will continue when the State's official position continues to be what it is (*cf. Bulluck v. Washington,* 1972, 152 U.S.App.D.C. 39, 468 F.2d 1096), and, moreover, such a dubious certification practice is, in any event, not a legally tolerable substitute for a final clarification of the validity of the Administrative Letter.

There is no occasion to depart from the earlier determination that the Administrative Letter is invalid, and that it is a denial of the equal protection of the laws to deny medical assistance and Medicaid reimbursement for lawful abortional acts to indigent women who other-wise qualify for medical assistance under Section 365–a of the Social Services Law and the regulations. *Roe v. Norton,* 2d Cir. 1975, 522 F.2d 928, has since made it clear that the federal statute establishing the Medicaid program, 42 U.S.C. § 1396, *et seq.,* permits Medicaid coverage for nontherapeutic, elective abortions, but the Court noted that the statute does not in terms forbid state plans which deny Medicaid coverage for such elective abortions, if the state may constitutionally do so. See also *Roe v. Ferguson,* 6th Cir. 1975, 515 F.2d 279; *cf. Wulff v. Singleton,* 8th Cir. 1975, 508 F.2d 1211 (cert. granted on limited issues, 1975, 422 U.S. 1041, 95 S.Ct. 2655, 45 L.Ed.2d 692, 43 L.W. 3674).

In agreement with the earlier decision in this Court, the three-judge Court in *Roe v. Norton* determined on remand that the state could not constitutionally deny medical assistance to indigent women seeking elective abortions in the first trimester of pregnancy (Civil No. N–74–17, December 31, 1975). The same conclusion has been reached in *Wulff v. Singleton, supra,* 508 F.2d at 1215–1216, *Doe v. Rose,* 10th Cir. 1974, 499 F.2d 1112, 1116–1117, and *Doe v. Wohlgemuth,* W.D.Pa.1973, 376 F.Supp. 173, 190–191, aff'd on other grounds sub nom., *Doe v. Beal,* 3d Cir. 1975, 523 F.2d 611 (en banc).

■ Under the New York statute medical participation is an integral part of the procedure for legalizing an abortional act even during the first trimester. *Wade* is nevertheless clear that the generative source of right is the woman's protected freedom in the first trimester to make the decision whether or not to bear the child. See particularly *Wade,* 410 U.S. at 153, 93 S.Ct. at 726, 35 L.Ed.2d at 177; *Abele v. Markle,* D.Conn.1972, 342 F.Supp. 800, 804. It is, then, under the New York statute appropriate for the Commissioner of Social Services to require adoption of a certification procedure that assures avoidance of risk of exposure to criminal liability on the part of physician and patient and assures that the patient is eligible for

medical assistance under the state plan, but the certification requirement must not trammel the woman's underlying right of decision.

Further submissions on the Nassau County Medical Center residency regulations were promised but have not been submitted. That local aspect of the case, which is for the one-judge court in any case, is left open at this time.

It is, accordingly

ORDERED and ADJUDGED that Administrative Letters 71 PWD–17 and 72 PWD–27 are constitutionally invalid as written and as applied, and that the defendant Commissioner of Social Services and Department of Social Services of the State of New York cease and desist from giving effect to them in the cases of indigent women electing upon the advice of a duly licensed physician to abort their pregnancies within twenty-four weeks of the commencement of the pregnancies; and it is further

ORDERED that determination of plaintiffs' motion respecting the Nassau County Medical Center residency regulations is held in abeyance for separate determination by the District Court.