**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS et al., Plaintiffs,**

v.

**NATIONAL RAILWAY LABOR CONFERENCE et al., Defendants.**

**ALTON & SOUTHERN RAILWAY COMPANY et al., Plaintiffs,**

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS et al., Defendants.**

**Civ. A. Nos. 298-70, 299-70.**

United States District Court
District of Columbia.

Jan. 31, 1970.

See also D.C., 310 F.Supp. 905.

Edward J. Hickey, Jr., Mulholland, Hickey & Lyman, Washington, D.C., for International Ass'n of Machinists and Aerospace Workers et al.

Francis M. Shea, Shea & Gardner, Washington, D.C., for Alton & Southern Railway Co. et al.

Sheldon E. Bernstein, Lester P. Schoene, Washington, D.C., for United Transportation Union.

Francis M. Shea, Shea & Gardner, Washington, D. C., for National Ry. Labor Conference et al.

OPINION

SIRICA, District Judge.

The Court has considered carefully the argument of counsel for all parties and has reviewed the pleadings and memoranda of authorities submitted as best it could in the limited time available since the filing of these actions.

The granting of a temporary restraining order is an extraordinary legal

remedy which will be granted only upon a showing of irreparable injury and probable success on the merits.

In this case there is no question of the irreparable injury which will be suffered by the railroads, the unions, and over 500,000 employees who are represented by the plaintiff and intervenor unions. Also, millions of dollars will be lost by members of the unions by way of lost wages if the railroads cease to operate tonight.

The determination of the motions before the Court today thus comes down to the question of whether either the railroads or the unions or both have demonstrated a substantial likelihood of success on the merits of their respective actions for injunctions. The Court is of the opinion that both sides have done this. That is, the unions have demonstrated that there is a substantial likelihood that they can show at a full hearing on their application for a preliminary and permanent injunction that the threatened lockout by the railroads is a violation of the federal labor and interstate commerce laws. Similarly, the railroads have shown that there is a substantial likelihood that they can prove that the strike called by the shop craft unions against the Union Pacific Railroad is a violation of the Railway Labor Act.

The Court wishes to emphasize, however, that it is expressing no opinion on the merits of either of these cases. This is not the function of the Court in passing on an application for a temporary restraining order. The Court by its order today is merely maintaining the status quo among the parties until a full adjudication of the claims of all parties can be had. The maintenance of the status quo is especially imperative in a case such as this where the public might be irreparably damaged by the alleged unlawful acts of either the unions or the railroads. The effect of these restraining orders will also give Congress the opportunity to take whatever steps it may consider are warranted by the circumstances of this dispute.

For the above reasons it is the judgment of this Court that the motions of the plaintiff unions and the intervenor plaintiffs for a temporary restraining order in Civil Action No. 298–70 is granted, and likewise that the motion of the plaintiff railroads for a temporary restraining order in Civil Action No. 299–70 also is granted. These restraining orders shall remain in effect for ten days.

Counsel for all parties will please meet with the Court in chambers immediately following this hearing to resolve any questions regarding the orders to be entered and the bonds to be posted.