Jane DOE, etc., Plaintiff-Appellee,

v.

Louis J. CECI, Circuit Court Judge,
Milwaukee County,
Defendant-Appellant.

Jane DOE, etc., Plaintiff-Appellee,

v.

Louis J. CECI, etc.,
Defendant-Appellant,

and

Richard Flynn, M.D., etc., Proposed
Intervening Defendants-Appellants.

Nos. 75–1108 and 75–1109.

United States Court of Appeals,
Seventh Circuit.

Argued May 20, 1975.

Decided June 17, 1975.

John A. Fiorenza, S. A. Schapiro, Milwaukee Wis., for defendant-appellant.

Judith Mears, American Civil Liberties Union, New York City, Walter Kelly, Wisconsin ·Civil Liberties Union, Milwaukee, Wis., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, and PELL and TONE, Circuit Judges.

TONE, Circuit Judge.

The issue presented by this appeal is whether the District Court erred in preliminarily enjoining enforcement of a state court injunction on the ground that "it is in frustration of and interferes with" an earlier preliminary injunction order of the District Court. We conclude that the order appealed from was necessary to effectuate the earlier order of the federal court and thus not in contravention of 28 U.S.C. § 2283. We therefore affirm.

The first federal preliminary injunction, affirmed by this court in *Doe v. Mundy,* 514 F.2d 1179 (7th Cir. 1975), was issued by Judge John W. Reynolds in an action brought on behalf of "all women residents of the County of Milwaukee, who are less than six months pregnant, who desire to have abortions performed at Milwaukee County General Hospital" to enjoin, as violative of the Fourteenth Amendment, enforcement of Milwaukee County General Hospital's policy of refusing to permit medical personnel to perform elective abortions in the hospital. The defendants included the Director of Institutions and Departments of Milwaukee County, who is responsible for operating the hospital, administrative personnel of the hospital, and the chairman and several members of the Milwaukee County Board of Public Welfare, which acts as the governing body of the hospital. The court's order directed that "those doctors, nurses, and other personnel who work at [the hospital], who are qualified to perform abortions, and who have no conscientious objection toward the performance of abortions be allowed to perform elective abortions" at the hospital. The defendant hospital administrators were required to "make [the hospital's] facilities available to those doctors, nurses, and other personnel for the performance of elective abortions," and specifically directed to do so for the doctor of indigent plaintiff Victoria Thoms.

On August 22, 1974, the defendants in *Doe v. Mundy* publicly announced their proposed plan for compliance with the District Court order: hiring one or more physicians willing to perform non-therapeutic abortions at the hospital; purchasing additional equipment specifically for performing the additional abortions; and instituting an interim referral plan that would permit indigent women to receive abortions at other hospitals at county expense until the County Hospital's facilities were ready.

Thereupon a Dr. Richard Flynn, a resident and taxpayer of Milwaukee County, filed a complaint in the state court against Mundy and county officials who had not been named as defendants in *Doe v. Mundy*, seeking an injunction against the disbursement of county funds to the hospital or physicians to pay for the performing of non-therapeutic abortions for indigent persons (*Flynn v. Mundy*). On September 17, 1974, Judge Louis J. Ceci of the Circuit Court of Milwaukee County, defendant in the instant case, entered an order restraining the defendant county officials from making any payments to physicians for performing non-therapeutic abortions and from authorizing any payments for such abortions "from the General Relief monies held by Milwaukee County." The ground of Judge Ceci's order was that Chapter 49 of the Wisconsin Statutes (1971) and Chapter 46 of the Milwaukee County Code of Ordinances did not contain any provisions permitting expenditure of public money for the expenses of non-therapeutic abortions because such abortions do not qualify as "medical treatment."

Jane Doe, plaintiff in the original federal suit, immediately filed a motion before Judge Reynolds seeking clarification of his earlier order and a further order requiring payment of funds to reimburse the hospital and physicians for the performance of non-therapeutic abortions for indigent women. Judge Reynolds denied the motions, declaring that the injunction was clear on its face.

Plaintiff Jane Doe thereupon filed the instant action, seeking an injunction against Judge Ceci to prevent him from enforcing his temporary injunction against payments. Concluding that "the payment requirement, which I believe to be implicit in *Doe v. Mundy*, is legally correct" and that requirement was frustrated by Judge Ceci's order, Judge Gordon granted the requested preliminary injunction. Subsequently Judge Gordon denied Richard Flynn's motion to intervene in this action and defendant's motion to reconsider and dissolve the preliminary injunction. It is from this preliminary injunction and denial of intervention that this appeal has been taken.

■ The focus of the dispute in this case is relatively narrow: It is argued on behalf of Judge Ceci that 28 U.S.C. § 2283, which states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments," expressly bars the kind of action taken by Judge Gordon in this case.[1] Plaintiffs concede the applicability of the statute, but argue that the action was within the scope of the third exception, *i. e.*, "where necessary . . . to protect or effectuate its judgments."

■ The issue of the availability of county funds to pay the costs of elective abortions for indigents and the equal protection and federal supremacy issues that would arise in the event of the unavailability of such funds for that purpose[2] were not directly presented

---

**1.** The defendant does present an alternative argument as to why the District Court's action was improper: A three-judge court should have been convened because plaintiff Doe's action has challenged the constitutionality of a state statute, *i. e.*, Chapter 49 of the Wisconsin Statutes (1971). Compare *Roe v. Ferguson*, 515 F.2d 279 (6th Cir. 1975) with *Wulff v. Singleton*, 508 F.2d 1211 (8th Cir. 1974). On its face, however, the nature of plaintiff's complaint in *Doe v. Ceci* belies this claim, since plaintiff does not in any way attack the constitutionality of the statute or Judge Ceci's statu-

tory analysis, and instead only alleges that Judge Ceci's order interferes with that of Judge Reynolds. The District Court did not have the constitutional question before it, and thus there was no need to convene a three-judge court. The District Court's reference to *Doe v. Wohlgemuth*, 376 F.Supp. 173 (W.D.Pa. 1974), is mere dictum.

**2.** Several state statutes and regulations which have expressly prohibited the use of state funds to pay for the performance of non-therapeutic abortions have been held unconstitu-

when Judge Reynolds entered his order in *Doe v. Mundy.* The question of the source of the funds first arose, apparently, when the motion for clarification was presented to Judge Reynolds after Judge Ceci had entered his preliminary injunction order. Judge Reynolds' preliminary injunction order, however, necessarily contemplates and requires payments for elective abortions from county funds. If Mundy and the administrators of the hospital are to make its physical facilities available for the performance of non-therapeutic abortions, in compliance with that order, funds will be needed to purchase supplies and maintain equipment and operating rooms. This court was informed on oral argument that, pursuant to the plan the hospital officials had proposed on August 22, 1974, to comply with Judge Reynolds' order, two or three doctors have been hired to perform elective abortions on request. Nurses on the hospital's payroll would of course assist these doctors and any outside doctor using the hospital's physical facilities for the performance of elective abortions. Also, an expenditure of county funds was required to carry out the provisions of the order relating to plaintiff Victoria Thoms, who, it was recited, had "no funds with which to procure an elective abortion," and for whom Judge Reynolds directed that the hospital make its facilities available "for the immediate performance of an abortion." Thus, on its face and as interpreted by the parties, Judge Reynolds' order requires the hospital to expend county funds for the performance of non-therapeutic abortions.

■ "The net result" of Judge Ceci's order directing that county funds not be made available to pay for elective abortions for indigents is that the defendants in *Doe v. Mundy* are "prevented from complying with the decree of this court in accordance with its terms." See *N.L. R.B. v. Sunshine Mining Co.*, 125 F.2d 757, 760 (9th Cir. 1942). Section 2283 allows a state court proceeding having that effect to be stayed by a federal court.[3] *Thomason v. Cooper*, 254 F.2d 808 (8th Cir. 1958); *Swann v. Charlotte-Mecklenburg Board of Education*, 501 F.2d 383, 384 (4th Cir. 1974); *Mapp v. Board of Education*, 341 F.Supp. 193, 196 (E.D.Tenn.1972), aff'd, 477 F.2d 851 (6th

tional as a violation of equal protection. See, e. g., *Wulff v. Singleton*, 508 F.2d 1211 (8th Cir. 1974); *Doe v. Rose*, 499 F.2d 1112 (10th Cir. 1974); *Doe v. Westby*, 383 F.Supp. 1143 (D.S.D.1974), judgment vacated and case remanded, —— U.S. ——, 95 S.Ct. 1385, 43 L.Ed.2d 648 (1974) (for further consideration in light of *Hagans v. Lavine*, 415 U.S. 528, 543–545, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)); *Doe v. Wohlgemuth*, 376 F.Supp. 173 (W.D.Pa. 1974) (the opinion which vacated and remanded on other grounds and which was published in the advance sheets at 505 F.2d 186 (3d Cir. 1974) was withdrawn from publication in the bound volume and rehearing en banc was granted, 505 F.2d XXVI (3d Cir. 1975)); *Klein v. Nassau County Medical Center*; 347 F.Supp. 496 (E.D.N.Y.1972), aff'd sub nom., *Ryan v. Klein*, 412 U.S. 924, 93 S.Ct. 2747, 37 L.Ed.2d 151 (1973), but vacated and remanded in light of *Roe v. Wade* and *Doe v. Bolton*, 412 U.S. 925, 93 S.Ct. 2748, 37 L.Ed.2d 152 (1973). The alternative argument that such statutes are in conflict with the Social Security Act has not been successful. See, e. g., *Roe v. Ferguson*, 515 F.2d 279 (6th Cir. 1975).

3. Although defendant makes no point of the fact that he, rather than the plaintiff in the case before him, is named as the defendant in this federal case, we note that it is unusual for the state judge to be named as a defendant in an action to enjoin relitigation in a state court. Normally enjoining the plaintiff in the state case is sufficient to prevent further interference with the federal judgment. See, e. g., *N.L.R.B. v. Sunshine Mining Co.*, supra, 125 F.2d 757; *Thomason v. Cooper*, 254 F.2d 808 (8th Cir. 1958); *Swann v. Charlotte-Mecklenburg Board of Education*, 501 F.2d 383 (4th Cir. 1974); *Mapp v. Board of Education*, 341 F.Supp. 193 (E.D.Tenn.1972), aff'd, 477 F.2d 851 (6th Cir. 1973), cert. denied, 414 U.S. 1022, 94 S.Ct. 445, 38 L.Ed.2d 313 (1973). State judges have been held to be proper defendants under certain circumstances in section 1983 suits for declaratory and injunctive relief. See, e. g., *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Webster v. Wofford*, 321 F.Supp. 1259 (N.D.Ga.1970). When the complaint in the case at bar was filed, Judge Ceci had already issued the challenged injunction and could have enforced it sua sponte even if the plaintiff had been enjoined from proceeding further. Indeed, even after the District Court had entered the preliminary injunction under review here, Judge Ceci proceeded to trial in the case before him and issued a permanent injunction against "disbursement of funds of Milwaukee County for abortions to be performed at the request of individuals." An additional complication is

Cir. 1973), *cert. denied*, 414 U.S. 1022, 94 S.Ct. 445, 38 L.Ed.2d 313 (1973).

█ It is of course irrelevant for present purposes that defendant contends that the order in *Doe v. Mundy* was erroneous insofar as it required the application of county funds to pay for elective abortions. Invariably an attempt to relitigate in a state court an issue determined by a federal judgment is predicated on the contention that the federal judgment was·wrong. The purpose of the inclusion of the "protect or effectuate its judgment" exception in the 1948 revision of former 28 U.S.C. § 379 (1940) which resulted in present section 2283 was to override the holding of *Toucey v. New York Life Ins. Co.,* 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100 (1941), and allow the federal courts to enjoin relitigation in state courts of issues determined by federal judgments.' 1A, Part 2, J. Moore, *Federal Practice* ¶ 0.224 (2d ed. 1974).

█ Intervenor Richard Flynn should be allowed to intervene in this proceeding on behalf of himself and other taxpayers of Milwaukee County. The District Court's denial of the motion for intervention, however, has not prejudiced the rights of the intervenor up to this point. His counsel was allowed to state on oral argument before this court the additional contentions he would make with respect to Judge Gordon's interlocutory order, and those contentions are not essentially different from those advanced on behalf of Judge Ceci. Accordingly, intervenor's interests will be adequately protected if he is allowed to intervene upon remand of this case to Judge Gordon. Similarly, he or other taxpayer intervenors may wish to intervene in the further proceedings before Judge Reynolds in *Doe v. Mundy* with respect to the issues relating to the use of public funds for the expenses of abor-

tions performed at the hospital for indigent women. *Cf. Swann v. Charlotte-Mecklenburg Board of Education, supra,* 501 F.2d at 384.

Affirmed in part; reversed in part; remanded for further proceedings.

---

the fact that only one of the defendants in the case before Judge Ceci, Mundy, had been named in *Doe v. Mundy*, which would have made it possible for the other defendants before Judge Ceci to contend that they were not bound by the federal order but were bound by Judge Ceci's order, which, as noted above, had already been entered when the case at bar was filed. Under all the circumstances, an injunction against Judge Ceci himself was justified.