Dr. William R. CREWS, Plaintiff,

v.

RADIO 1330, INC., et al., Defendants.

No. C75–269.

United States District Court,
N. D. Ohio.

May 10, 1977.

Robert H. Jackson, Kohrman & Jackson Co., L.P.A., Cleveland, Ohio, for Radio 1330 Inc., and Multicom, Inc.

Timothy E. Levstik, pro se.

## ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

MANOS, District Judge.

On Friday, May 6, 1977 this Court conducted a hearing in chambers, at which all parties were represented by counsel, and the Court heard argument on Dr. Crews' Motion for a Temporary Restraining Order filed on May 5, 1977. Mr. Timothy E. Levstik, the individual appointed by the Common Pleas Court of Lake County to act as a receiver for Radio 1330, Incorporated, appeared in person. The record in this case as well as supplemental briefs filed with this court, reveal the following chronology of events which led to the May 6, 1977 proceeding in this Court.

(1) On February 7, 1973, Wayne E. Davis, the landlord of the premises which Radio 1330, Inc. leased for its business, filed an action in the Lake County Common Pleas Court for rent owed him by Radio 1330, Incorporated. *See, Memorandum In Opposition To Plaintiff's Motion For Federal Receiver And Joining State Court Receiver As A Party Herein* filed on December 3, 1976 [hereinafter, Levstik's Memorandum], p. 1.

(2) On March 25, 1975, Dr. Crews filed his Complaint initiating this lawsuit, i. e., Case No. C75–269, in the Northern District of Ohio. *See,* Dr. Crews' Complaint.

(3) On November 20, 1975, the Common Pleas Court awarded a judgment to Davis of $47,232.66 on his complaint for overdue rent against Radio 1330, Incorporated. *See,* Levstik's Memorandum, p. 1.

(4) On August 10, 1976, after lengthy, judicially supervised settlement discussions broke down, and at the conclusion of a lengthy trial at which Wayne Davis testified as a witness, this Court issued a judgment ordering specific performance of a contract to sell all assets of Radio 1330, Inc. to Dr. Crews. That order, which included the sale of the station's Federal Communications Commission license to Dr. Crews, was supported by a nine page opinion of this Court. *See, Dr. William R. Crews v. Radio 1330, Inc. et al.,* Case No. C75–269 (N.D.Ohio, August 10, 1976).

(5) On August 31, 1976, the defendants, Radio 1330, Inc., et al., filed a notice of appeal, thereby appealing this Court's decision of August 10, 1976 to the Federal Sixth Circuit Court of Appeals.

(6) On September 13, 1976 Wayne Davis moved the Lake County Common Pleas Court to appoint a Receiver for Radio 1330, Inc., and suggested the appointment of Mr. Timothy Levstik. *See*, Levstik's Memorandum, p. 1.

(7) On October 27, 1976, the Lake County Common Pleas Court appointed Mr. Levstik Receiver over the assets of Radio 1330, Incorporated. *See*, Levstik's Memorandum, p. 1; Affidavit of Stanley Fisher, p. 1, dated November 17, 1976 attached to Dr. Crews' Memorandum filed with this Court on November 18, 1976. According to Fisher's Affidavit, *supra*, "Plaintiff [Crews] . . . was neither notified nor made a party of the Motion for Appointment of a Receiver in the State Court action."

(8) The Lake County Common Pleas Court's October 27, 1976 Order stated:

". . . It is ordered:

"(1) That Defendant, Radio 1330, Inc., transfer and convey all of its property, including but not limited to, its license to operate WELW Radio Station, all moneys, notes, drafts, checks, or other evidence of debt due or owing to said Defendant, all books of account, deposits in financial institutions, accounts receivable, receipts, contracts, leases, vouchers, and papers of every nature, belonging to said Defendant or pertaining to it, its tangible personal property consisting of inventory, office machinery and equipment of every kind owned and/or used in the operation of its business to Timothy E. Levstik, Receiver. Upon failure of defendant so to do this Judgment Entry shall constitute the transfer and conveyance of all such property to Timothy E. Levstik, Receiver, such that said Receiver may apply such property and income therefrom to Plaintiff's judgment and debt owing by Defendant. Radio 1330, Inc., to Plaintiff;

"(2) That Timothy E. Levstik, as Receiver, conduct the business of Defend-

ant, Radio 1330, Inc., including the employment of personnel to assist said Receiver in the conduct of the day to day business of Defendant; and,

"(3) That until further Order of this Court, the Receiver, Timothy E. Levstik, hold all the monies and property received by him pursuant to this Order until the further order of this Court."

*See*, Judgment Entry, *Davis v. Radio 1330, Inc.*, Case No. 73 CIV 0078 (Lake County Common Pleas, October 27, 1976) attached to Plaintiff Crews' "Motion To Renew Its 'Motion For Clarification' . . ." filed in this District Court on November 18, 1976 [hereinafter, Crews' November Motion].

(9) On November 18, 1976 the Court received Crews' November Motion, moving the Court to either make Mr. Levstik a party to this litigation or, in the alternative, appoint a "Federal Court Receiver."

(10) On December 7, 1976 all parties and Mr. Levstik appeared in chambers for a conference with the Court. At that time settlement was discussed by all who attended. While no agreement was reached, the participants indicated to the Court that they would continue settlement discussions. In addition, Mr. Levstik stated that he would not attempt to sell assets of Radio Station 1330, Inc. without first furnishing adequate advance notice to counsel for plaintiff Crews.

(11) On or about May 2, 1977, Mr. Levstik, without authority from this Federal Court, made an application to the Lake County Common Pleas Court for an order permitting him to sell assets of Radio Station 1330, Inc., including the station's F.C.C. license, to a purchaser other than plaintiff Crews. A hearing on Levstik's application was scheduled for May 17, 1977, in the Lake County Common Pleas Court. *See*, Receiver's Application For Authority To Sell Assets of Radio 1330, Inc. which is attached to plaintiff Crews' Motion for a Temporary Restraining Order filed on May 5, 1977. Levstik's Application to the Lake County Common Pleas Court states:

"This Court's duly appointed Receiver, Timothy E. Levstik, hereby makes appli-

cation to this Court for an order permitting said receiver to sell at private sale, the assets of Radio 1330, Inc., including the license by Federal Communications Commission, which are generally listed in the inventory attached hereto, to WELW Radio, Inc., pursuant to the offer of WELW Radio, Inc., attached hereto. Applicant states that the offer of WELW Radio, Inc. was negotiated between the latter corporation and the principals of Radio 1330, Inc., as the terms of sale between WELW Radio, Inc., and Radio 1330, Inc., and that Counsel for WELW Radio, Inc., has informed this Receiver that the approval of the transfer of the license to said buyer corporation by the Federal Communications Commission will not consume a great deal of time because such application of said buyer corporation is pending before the Federal Communications Commission and the buyer corporation has completed much of that which has to be done to obtain approval of the Federal Communications Commission for transfer of said license. The latter facts constitute good cause for such private sale."

(12) A hearing on Levstik's Application, is scheduled for May 17, 1977 in the Lake County Common Pleas Court. Therefore, on May 5, 1977, plaintiff Crews moved this Federal Court for a Temporary Restraining Order and a Preliminary Injunction, "staying all proceedings brought by Timothy E. Levstik as Receiver for Defendant Radio 1330, Inc., in the Court of Common Pleas of Lake County, Ohio on or about May 2, 1977, for authority to sell the assets of Radio 1330, Inc. to a company known as WELW Radio Inc. . . . ."

## I.

## THE PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER IS GRANTED

■ A Federal District Court should consider four criteria when determining whether to exercise its broad discretion to grant a temporary restraining order under Fed.R. Civ.P. 65(b). The movant must persuade the Court by a preponderance of evidence that: (1) Without the temporary restraining order the movant will suffer irreparable injury; (2) The public interest will be furthered, or at least not appreciably damaged, by the granting of a temporary restraining order; (3) The harm which other interested individuals will suffer if the temporary restraining order is granted is outweighed by the harm the movant will suffer if the temporary restraining order is denied; (4) The movant's factual assertions, on the record currently before the Court, are likely to be established, and once established the movant is then likely to succeed on the merits of his claim. *See, Murphy v. Society of Real Estate Appraisers*, 388 F.Supp. 1046, 1049 (E.D.Wis., 1975); *Ann Arbor Railroad Company v. United States*, 358 F.Supp. 933, 935 (E.D.Pa., 1973); 7 Moore's Federal Practice, ¶ 65.05, pp. 65–75.

■ The Court is persuaded that plaintiff Crews has properly established each of the first three elements which he must show in order to obtain the Temporary Restraining Order he requests. The Court well remembers its August 10, 1976 judgment ordering specific performance of the sale of certain assets, including an F.C.C. license, to Dr. Crews in accordance with a contract freely negotiated between Crews and the principals of Radio 1330, Incorporated. Mr. Levstik seeks a state court judicial decree authorizing a sale of the same radio assets, which are subject to this Federal Court's prior judgment, to purchasers other than Dr. Crews. The mere existence of such a state judicial decree will greatly impair Dr. Crews' title to the assets this Court ordered sold to him, and will exacerbate the difficulties Crews currently has in trying to persuade the F.C.C. to transfer the broadcast license to him. Crews could never recoup compensation from the state court authorities for expenses he might sustain from the issuance of the state court judgment which he fears, because those authorities are absolutely immune under 42 U.S.C. § 1983 from any claims he might assert against them for acts which they perform in their official capacity. *See, Imbler v.*

*Pachtman,* 424 U.S. 409, 428, 96 S.Ct. 984, 994–995; *Pierson v. Ray,* 386 U.S. 547, 553–555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Thus Crews is clearly threatened with irreparable injury by the scheduled hearing on Levstik's application in the Lake County Common Pleas Court.

The public interest could not be injured by granting Crews a temporary restraining order. This case affects the public only in so far as the public has an interest in radio station WELW–AM continuing to broadcast, and the station's continued broadcast existence is not threatened by any of the actions currently pending in federal or state court.

The harm to the other individuals interested in this action, primarily the creditors of Radio 1330, Inc. who Mr. Levstik purports to represent, is minimal if this Court grants Crews a temporary restraining order: first, those creditors sustain no harm whatsoever if Crews ultimately prevails on the merits; second, if the ultimate relief Crews seeks is inappropriate the creditors will profit from a prompt interlocutory adjudication of the propriety of their Receiver's actions in state court, and they will not suffer serious injury from the postponement of the state court hearing. The Receiver has not suggested to this Court that the transaction he seeks to consummate in state court on May 17, 1977 will collapse if the state judicial hearing does not occur at the currently appointed time.

The Court confronts the fourth element which Crews must establish in order to obtain a temporary restraining order, i. e., whether the record, as currently constituted in this Court, demonstrates a *prima facie* factual showing that Crews is likely to succeed on the merits of his request for a preliminary injunction. The Court finds, based on the factual material currently in the record and the legal arguments presented to the Court thus far, that Dr. Crews is extremely likely to succeed on the merits of his Motion for a Preliminary Injunction. Crews seeks to protect his August 10, 1977 Federal judgment from interference by a state receiver, Mr. Levstik, who seeks a conflicting state court order authorizing the sale to purchasers other than Dr. Crews of the same assets which are the subject matter of Dr. Crews' prior, final Federal Court, specific performance judgment. Prior to the Federal judgment, the Lake County Common Pleas Court, so far as the record currently shows, issued no order respecting the disposition of the assets of Radio 1330, Inc. Thus this Court's August 10, 1976 Order compelling the sale of Radio 1330, Inc.'s assets to Dr. Crews was the first judicial judgment to order the disposition of that property.[1] Section 2283 of Title 28 of the United States Code, known as the Anti-Injunction Statute, furnishes federal courts with abundant authority to enjoin any state proceeding which threatens to nullify a federal judgment.

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly autho-

---

1. As the record currently stands it does not appear that if this Federal Court ultimately enjoins Mr. Levstik, it will unfairly deprive Wayne Davis or other creditors of the benefits of the state court order of October 27, 1976, which imposed a state receivership on the assets of Radio 1330, Incorporated. First, Mr. Davis cannot claim that he was totally surprised by this Court's August 10, 1976 specific performance judgment which might have the effect of depriving him of security for his November 20, 1975 judgment for unpaid rent. Mr. Davis knew full well of the existence of Dr. Crews' federal action long before the issuance of this Court's judgment on August 10, 1976 because he was a witness during the Crews' trial. At no time did Mr. Davis attempt to intervene in Crews' Federal case or furnish this

Federal Court with any notice whatsoever that he (Davis) had a claim to the assets which were the subject matter of Crews' specific performance suit. *See,* Fed.R.Civ.P. 17–22. Second, Dr. Crews, under 28 U.S.C. § 1962, enjoys an immediate lien, as of August 10, 1976, on the assets of Radio 1330, Incorporated. Despite this lien this Federal Court has twice been advised that Dr. Crews has *not* been permitted to intervene in the state court receivership action. *See,* Letter addressed to the Court on December 27, 1976 from Stanley Fisher, Dr. Crews' attorney; and Crews' Brief In Support of Motion for Temporary Restraining Order, filed May 5, 1977, p. 2. Mr. Levstik has offered no explanation to contradict this representation by the attorney for Dr. Crews.

rized by Act of Congress, or where necessary in aid of its jurisdiction, or *to protect or effectuate its judgments."* (emphasis added).

In *Doe v. Ceci,* 517 F.2d 1203 (7th Cir., 1975), a Federal District Court issued a judgment granting a preliminary injunction and directing the administrators of a County Hospital to furnish medical facilities for elective abortions for indigents. The Federal Court also ordered that county officials finance the indigents' abortions from county funds. After issuance of the Federal District Court's decree, Judge Ceci, a Wisconsin State Judge, issued an order enjoining the county officials from financing any elective abortions. Subsequently, the Federal District Court, finding that the Wisconsin Court Order had the effect of preventing the Federal Court defendants from complying with the Federal Court's judgment, issued an injunction directed at Judge Ceci, and enjoined him from enforcing his conflicting state judicial order. *See, Ceci, supra,* at 1204–1205. The Seventh Circuit Court of Appeals, relying on the "protect or effectuate its judgments" provision of § 2283, affirmed the Federal District Court's order stripping Judge Ceci of authority to enforce his state court decree. *See, Ceci, supra,* at 1205–1207.

In *United States v. Ford Motor Company,* 522 F.2d 962 (6th Cir., 1975), the Federal Sixth Circuit Court of Appeals stated the standard this Federal District Court must apply in determining whether plaintiff Crews is likely to be entitled to an injunction enjoining Mr. Levstik from initiating proceedings in state court to sell the assets that this Court ordered sold to Crews. The *Ford Motor* court wrote at 965–966:

"Ford's . . . contention is that the injunction [against a state court proceeding initiated after a prior federal judgment], is authorized on the ground that it is necessary to 'protect or effectuate' the prior [Federal] antitrust decree. This exception to the anti-injunction statute . . . affords the federal courts the power to enjoin a state proceeding where the result of the relitigation would

be to destroy the effect of the decree rendered in a United States Court, *or would render doubtful the rights of the parties in respect to the effectiveness of such judgment or decree."* (emphasis added).

In contrast to the clear meaning of § 2283, as construed by the *Doe* and *Ford Motor* courts, Mr. Levstik argues in his brief,

". . . [A] federal court does not have the jurisdiction to stay a proceeding in a state court simply because the controversy has been previously adjudicated in Federal Court. *Toucey v. New York Life Insurance Company,* 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100 (1941)." Levstik's Memorandum, p. 4.

In 1941, the United States Supreme Court decided *Toucey v. New York Life Insurance Company,* 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, the case on which Mr. Levstik relies. The issue in *Toucey* was whether an insurance company, which had successfully defended a claim against it in Federal Court and thus received a federal judicial judgment in its favor, could obtain a federal injunction enjoining relitigation of the claim in a state court by a person to whom the claimant had assigned his claim in order to defeat diversity jurisdiction and prevent removal under 28 U.S.C. § 1441. *See, Toucey, supra,* at 129, 62 S.Ct. 139. Mr. Levstik's Memorandum, p. 4, (quoted *supra*) accurately states the *Toucey* court's holding. *See, Toucey, supra,* at 139–141, 62 S.Ct. 139. Contrast the law prior to *Toucey* where such federal injunctions were permitted, *see, Local Loan Company v. Hunt,* 292 U.S. 234, 241–242, 245, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). However, the United States Congress nullified *Toucey's* narrow holding when it amended the Anti-Injunction Statute in 1948, by adding the exception "to protect or effectuate its judgments." The Revisor's Note to the 1948 Amendment states:

"The exceptions specifically include the words 'to protect or effectuate its judgments,' for lack of which the Supreme Court held that the Federal courts are

without power to enjoin relitigation of cases and controversies fully adjudicated by such courts. (See *Toucey v. New York Life Insurance Co.,* 62 S.Ct. 139, 314 U.S. 118, 86 L.Ed. 100. A vigorous dissenting opinion (62 S.Ct. 148) notes that at the time of the 1911 revision of the Judicial Code, the power of the courts of the United States to protect their judgments was unquestioned and that the revisers of that code noted no change and Congress intended no change).

"Therefore *the revised section restores the basic law as generally understood and interpreted prior to the Toucey decision."* See, Historical and Revision Notes, 28 U.S.C.A. § 2283.

Contrary to Mr. Levstik's position, Federal Courts universally hold that the 1948 Amendment to the Anti-Injunction Statute expressly overrules the narrow holding of *Toucey* and permits Federal Courts to enjoin state court proceedings which threaten relitigation of matters which are the subject of a final Federal Court judgment. *See, Ceci, supra,* 517 F.2d at 1207; ["... the 1948 revision of former 28 U.S.C. § 379 (1940) which resulted in present section 2283 was to override the holding of *Toucey* . . . ."]; *International Association of Machinists and Aerospace Workers v. Nix,* 512 F.2d 125, 129–133, fns. 6–8 (5th Cir., 1975); *Williams v. Pacific Royalty Company,* 247 F.2d 672, 675 (10th Cir., 1957); *Coffey v. Braddy,* 372 F.Supp. 116, 123–125 (D.C.Fla., 1971); *Ward v. Pennsylvania New York Central Transportation Company,* 328 F.Supp. 1245, 1247 (D.C.N.Y., 1971), aff'd 456 F.2d 1046 (2nd Cir., 1972). *See also, O'Shea v. Littleton,* 414 U.S. 488, 512–513, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) (Appendix to Justice Douglas' Dissent); *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 295, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970); *Berman v. Denver Tramway Corp.,* 197 F.2d 946, 950–954 (10th Cir., 1952). *See also,* 28 U.S.C. § 1651(a).

■ This Court concludes that 28 U.S.C. § 2283 furnishes sufficient authority for it to enjoin Mr. Levstik's state court action and that such an injunction is probably necessary in order for this Court to protect or effectuate its prior judgment award to Dr. Crews. Thus Crews has established a probability of success on the merits of his claim for such an injunction.

## II.

### CONCLUSIONS

For the reasons stated in Part II, *supra* of this Opinion, the Court grants Dr. Crews' Motion for a Temporary Restraining Order against Timothy E. Levstik.

IT IS HEREBY ORDERED that Timothy E. Levstik and each of the defendants, their respective agents, servants, employees and attorneys and all persons, firms or corporations in active concert or participation with the said Timothy Levstik who receive actual notice of this Order by personal service or otherwise (including, but not limited to WELW Radio, Inc.) be, and they hereby are temporarily enjoined from:

(a) Proceeding directly or indirectly with the application for authority to sell assets of Radio 1330, Inc. filed in the Court of Common Pleas of Lake County, and seeking any other authority with the F.C.C. or otherwise with respect thereof; and

(b) Doing any other act which would in any way interfere with the ability of this Court to effectuate its judgment that the assets of Radio 1330, Inc. are to be sold to the plaintiff in accordance with the terms of its judgment, which judgment is now pending appeal in the United States Court of Appeals for the Sixth Circuit.

IT IS FURTHER ORDERED that any competent adult may serve a true and correct copy of this Order upon any person, firm or corporation. Copies of this Order are to be served on the attorneys for each party to this litigation, Timothy E. Levstik, and Judge John M. Parks of the Lake County Common Pleas Court, the judge who issued the October 27, 1976 state court order appointing Mr. Levstik as a state receiver.

IT IS FURTHER ORDERED that Dr. Crews does not need to post any bond be-

cause there is little likelihood that the persons who are enjoined by this Order will suffer monetary damage during the life of the Order and because Mr. Levstik has not indicated to the Court that a bond is needed. *See,* Fed.R.Civ.P. 65(c).

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire on the tenth day after the date it is filed, unless extended pursuant to Fed.R.Civ.P. 65(b).

A subsequent order of this Court will shortly be forthcoming setting a hearing date for Dr. Crews' Motion for a Preliminary Injunction.

IT IS FURTHER ORDERED that Dr. Crews' Motion, filed November 18, 1976, to make Timothy E. Levstik ("State Court Receiver") a new party defendant in this case is granted.

IT IS SO ORDERED.