**Benito GARCIA, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Veterans Administration and Audie Murphy Memorial Veterans Medical Center, Defendants-Appellees.**

No. 81–1577
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 9, 1982.

---

Steven M. Angel, Antonio, Tex., for plaintiff-appellant.

Jack B. Moynihan, Asst. U. S. Atty., San Antonio, Tex., for defendants-appellees.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Benito Garcia was a food service worker at the Audie L. Murphy Memorial Veterans Medical Center in San Antonio, Texas. He also was serving as president of the American Federation of Government Employees, AFL–CIO, Local 3511. Under his leadership, the union aggressively began to file unfair labor practice charges against the Medical Center. During this same time, in September 1981, he was reprimanded for violations of work rules three times, and in November 1981, he was discharged for violation of work rules.

He immediately filed this suit seeking injunctive relief, claiming that his discharge was actually motivated by his union activities. Temporary injunction was denied by the district court, and he appeals.

Garcia has set in motion the administrative actions to protest his discharge which have been created by the Civil Service Reform Act of 1978, 5 U.S.C. § 1101, et seq. He has also filed unfair labor practice charges with the Federal Labor Relations Authority (FLRA) pursuant to 5 U.S.C. § 7118, in general on the grounds that the Medical Center was discouraging membership in the labor organization by discriminating against Garcia, was retaliating against Garcia for filing unfair labor practice

charges, and was refusing to bargain in good faith.

In his suit for an injunction under 28 U.S.C. § 1346, Garcia asserts that his removal puts him in a position of having no complete remedy. He can and has filed unfair labor practice charges with the Federal Labor Relations Authority, and he can and has appealed his discharge to the Merit Systems Protection Board (MSPB), 5 U.S.C. §§ 1205, 1206. But he argues his remedy is not complete because the MSPB will not hear his unfair labor practice allegations and the FLRA will not hear the appeal of his removal.

The district court, however, found that Garcia had not exhausted his administrative remedies which were still pending in both administrative bodies. In addition the court found that he had not met the requirements justifying a temporary restraining order or preliminary injunction against the discharge of a federal employee as established by *Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). Under the rule of the *Sampson* case the factors which must be shown to justify an injunction are: (1) a substantial likelihood that the petitioner will succeed on the merits; (2) in the absence of the issuance of injunctive relief, movant will suffer irreparable harm for which there is no adequate legal remedy; and (3) the irreparable harm outweighs the disruptive effect which the grant of injunctive relief would be likely to have on the administrative process and on the government's dispatch of its own affairs. We are in complete agreement with the conclusions of the district court in denying the restraining order or temporary injunction, and we dismiss the appeal.

Garcia attempts to set up a "Catch-22" situation in his claim that one federal agency can only hear the unfair labor practice charges and another federal agency can only hear the appeal from the discharge. This is no Catch-22 situation. Together under the FLRA and the MSPB, Garcia gets the complete review to which he is entitled under the Civil Service Reform Act of 1978. Both his unfair labor practice charges and his removal from employment will be aired fully in the administrative process.

His attempt to obtain an injunction wholly anticipates the administrative process, and constitutes a complete denial of the strong and almost overriding principle that administrative remedies must be exhausted before relief in the courts is sought. *McKart v. United States*, 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969). It is entirely speculative to assume that the administrative agencies will deny him any relief to which he may be entitled.

In view of his failure to exhaust administrative remedies, he fails to meet the first requisite of *Sampson v. Murray* because he has not shown that he is likely to prevail on the merits at the trial. This lack of likelihood of prevailing actually is manifested at two levels in this case. The first level is that the court has no right to speculate that the administrative bodies will make erroneous decisions which must be reversed by a court decision. So the requisite showing of the likelihood of that circumstance occurring is missing, and this actually is enough. *Sampson v. Murray*, 415 U.S. at 74, 94 S.Ct. at 945. In addition, the district court found on the merits that there was substantial doubt that Garcia could prevail in view of the showing on the record that he had violated critical personnel rules, had been warned, yet had continued to violate those rules.

Garcia also fails to establish grounds for injunctive relief on the second factor required by *Sampson v. Murray*, the requirement that he will suffer irreparable harm. Garcia is in a typical discharge situation. Remedies for discharge under the federal civil service laws are quite clear and complete. Employees improperly discharged can be reinstated and back pay given. 5 U.S.C. § 7118(a)(7)(C). It is practically universal jurisprudence in labor relations in this country that there is an adequate remedy for individual wrongful discharge after the fact of discharge. There is no provision in the law for injunctions against discharge in routine termination cases because the remedy by way of reinstatement and back

pay is well established and is universally used. National Labor Relations Act, 29 U.S.C. § 160(c); 48A Am.Jur.2d §§ 1889, 1971.

Finally, it is quite clear that a temporary injunction in this case would have a far more disruptive effect on the administrative processes established by the government to handle cases such as these than would, on balance, be the burden on the employee resulting from a refusal to grant the injunction.

■ We find *Sampson v. Murray* controlling. In the same general factual situation as is presented in this case, the Supreme Court in *Sampson* reversed the Court of Appeals for the District of Columbia and held that the court should not interfere with the carrying out of the administrative action in such cases. To the claim of Garcia that *Sampson* is not controlling because it was decided before the enactment of the Civil Service Reform Act of 1978, the only answer can be that the 1978 Act increased the protections of the administrative procedures and established even greater justification for allowing the administrative procedures to be completed before the courts undertake to consider intrusion.

■ We find the district court was wholly correct in refusing to grant a preliminary injunction in advance of trial in this case.[1]

APPEAL DISMISSED.

---

1. Although not raised by the parties, there is a substantial question in this case as to whether this Court has jurisdiction under 28 U.S.C. § 1292(a)(1) to review the denial of the temporary order by the district court. In *Roberts v. St. Regis Paper Co.*, 653 F.2d 166, 170 (5th Cir. 1981), this Court indicated that irreparable harm must be shown before such an appeal can lie. Yet, on facts very similar to Garcia's the Supreme Court did accept appeal from a preliminary injunction in *Sampson v. Murray*, and the Court went to the issue of irreparable harm in deciding the appeal, with two Justices dissenting on jurisdictional grounds. On the other hand, the Supreme Court has made strong statements in other factual situations limiting the right to appeal interlocutory orders issued under § 1292(a)(1). These cases state that the order or its denial must have serious, perhaps irreparable, consequences, *Carson v. American Brands, Inc.*, 450 U.S. 79, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981). Yet, the line of authority culminating in the *Carson* case goes back far earlier than *Sampson v. Murray* and was not referred to at all as possibly limiting jurisdiction in *Sampson*. We, therefore, follow *Sampson v. Murray* in finding in a case involving personnel action such as this that there is jurisdiction to hear the appeal from the denial of the interlocutory injunction.