Antonio JAMES

v.

Edwin W. EDWARDS, William J. Guste, Jr., James F. McKay, Robert Hilton Butler, and C. Paul Phelps.

Civ. A. No. 87–5701.

United States District Court,
E.D. Louisiana,
Section C.

Dec. 11, 1987.

Judgment Ordered Dec. 28, 1987.

158

William J. O'Hara, III, Lemann, O'Hara
& Miles, New Orleans, La., for plaintiff.

Jack Peebles, Asst. Dist. Atty., New Orleans, La., for defendants.

ROBERT F. COLLINS, District Judge.

Antonio James, plaintiff in the above captioned action, has moved the Court to issue a temporary restraining order against the defendants. For the following reasons, that motion is hereby GRANTED.

Plaintiff was convicted and sentenced to death on March 8, 1982 in the Criminal District Court for the Parish of Orleans. Both the sentence and conviction was affirmed by the Louisiana Supreme Court. *See State of Louisiana v. James*, 431 So.2d 399 (La.1983). Thereafter, plaintiff filed a petition for a writ of habeas corpus in this Court, Civil Action Number 84–3694, which was denied on September 17, 1986. On September 4, 1987, the United States Court of Appeals for the Fifth Circuit affirmed the district court's decision and thereafter denied a motion by plaintiff for a rehearing. On October 29, 1987, the Fifth Circuit also denied a stay of the mandate. Following that decision, defendant, Judge James F. McKay, issued an order for plaintiff to be executed on December 15, 1987.

Plaintiff now brings the instant suit under Title 42 of the United States Code, Section 1983, alleging that he has been deprived of due process and equal protection as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States. Plaintiff prays for a temporary restraining order, a preliminary injunction, and a permanent injunction alleging that Louisiana state law unduly abrogates the time period for exercising his right of review as established by federal law.

The Court must first note that defendants are as of yet unrepresented by counsel in this case. Heretofore, the Court was in constant communication with a representative of the Office of the District Attorney for the Parish of Orleans, Mr. Bill Marshall. At approximately 11:00 a.m. this morning, however, Mr. Marshall notified the Court that he was no longer authorized to represent the defendants. The Court is nonetheless satisfied with the affidavits of counsel for plaintiff indicating that he notified the office of the Louisiana Attorney General and counsel for Governor Edwards about this matter. As of this writing, the Court has not been furnished with any written opposition and will therefore hold that proper notice about the pending matter has been given to all parties concerned. Rule 65(b) Fed.R.Civ.P.

■ An application for a temporary restraining order is addressed to the discretion of the court. *Gerber v. Seamans*, 332 F.Supp. 1187 (S.D.N.Y.1971). In exercising this discretion, the Court must weigh and balance certain factors. The Court must determine if there is: (1) the immediate threat of irreparable injury, loss, or damage to the applicant if certain conduct of the opposing party is not restrained until such time as a hearing can be held on an application for a preliminary injunction. *New Motor Vehicle Board of State of California v. Orrin W. Fox Co.*, (1977) 434 U.S. 1345, 98 S.Ct. 359, 54 L.Ed.2d 439; (2) the moving party has a substantial likelihood of success on the merits of his claim, *Garcia v. United States*, 680 F.2d 29 (5th Cir. 1982); and (3) issuance of the order will not cause harm to the public interest or other parties. *Conoco, Inc. v. Watt*, 559 F.Supp. 627 (E.D.La.1982). The party that applies for the order has the burden of proving that it is entitled to the relief sought. *Crews v. Radio 1330, Inc.*, 435 F.Supp. 1002 (N.D.Ohio 1977).

■ The immediate threat of irreparable injury is very clear in this case. Plaintiff is set to be executed on December 15, 1987, some five days from the date this complaint was filed. If the motion for a temporary restraining order is granted, plaintiff will have at least an additional thirty days of life beyond that date. The Court cannot conceive of anything more imminent or an injury more irreparable than a scheduled execution.

Whether or not plaintiff has a substantial likelihood of success on the merits is a little more difficult to determine. At this point, the Court's function is not to decide the merits of the case, but only to determine whether the status quo should be maintained until a full adjudication of the claims of all the parties can take place.

*International Assn. of Machinists & Aerospace Workers v. National Railway Labor Conference,* 310 F.Supp. 904 (D.D.C. 1970). Louisiana law provides that:

"If any Federal or Louisiana court grants a stay of execution, or if the governor of Louisiana grants a reprieve, the trial court shall reset the execution date at not less than thirty days nor more than forty-five days from the dissolution of the stay order, or termination or expiration of the reprieve."

La.Rev.Stat.Ann. § 15:567(C) (West 1981). Thus, under Louisiana law, plaintiff has provided only forty-five days within which to apply for a writ of certiorari to the United States Supreme Court after the Fifth Circuit denies his motion for rehearing before he is executed.

■ On the other hand, 28 U.S.C. § 2101 provides that:

Any other appeal or any writ of certiorari intended to bring any judgment or decree in a civil action, suit or proceeding before the Supreme Court for review shall be taken or applied for within ninety days after the entry of such judgment or decree.

28 U.S.C. § 2101(c). Congress has provided that a litigant has ninety days to file an application for a writ of certiorari in the United States Supreme Court. On its face, the time available for an appeal or any writ of certiorari under La.Rev.Stat.Ann. § 15:567(C) conflicts with the time available under 28 U.S.C. § 2101(c).

■ As early as *Gibbons v. Ogden,* 9 Wheat. 1, 6 L.Ed. 23 (1824), Chief Justice Marshall articulated the principle that "acts of the State Legislatures ... (which) interfere with, or are contrary to the laws of Congress, made in pursuance of the Constitution," are invalid under the Supremacy Clause. More recently, the jurisprudence has mandated that state law is preempted to the extent that it conflicts with federal law so that it is impossible to comply with both. *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142, 83 S.Ct. 1210, 1217–18, 10 L.Ed.2d 248 (1963). It is irrelevant whether each body of law is directed to different objectives.

State law is preempted if it is an obstacle to the accomplishment of the objectives of Congress. *Silkwood v. Kerr–McGee Corp.,* 464 U.S. 238, 248–9, 104 S.Ct. 615, 621, 78 L.Ed.2d 443; *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941).

■ The Court is not persuaded that this case is more properly construed as a petition for habeas corpus. At this time, the cases of *Fulford v. Klein,* 529 F.2d 377 (5th Cir.1976), *aff'd en banc,* 550 F.2d 342 (5th Cir.1977), and *Richardson v. Flemming,* 651 F.2d 366 (5th Cir.1981), are on their face not applicable to this situation. Those cases sought review of the merits of the conviction and therefore required the petitioners to exhaust their state remedies. 28 U.S.C. § 2254.

■ The Court agrees with plaintiff that any deprivation of a prisoner's right of access to courts gives rise to a claim for relief under 42 U.S.C. § 1983. *See Jackson v. Procunier,* 789 F.2d 307 (5th Cir.1986), *Washington v. James,* 782 F.2d 1134 (2nd Cir.1986); *Ryland v. Shapiro,* 708 F.2d 967 (5th Cir.1983). It has not been disputed here that the denial of the full ninety-day period prevents plaintiff from fully develping the procedural and substantive issues that would be raised in writs before the United States Supreme Court. The Court will reserve opinion as to whether or not a 45–day period to file a petition for certiorari does in fact rise to the level of a denial of plaintiff's constitutional right to due process and equal protection. Because of the immediate threat of irreparable harm, the Court is therefore constrained to GRANT this motion for a temporary restraining order. The Court also must conclude that the issuance of a stay will not be against public policy.

SO ORDERED.

### ORDER

In accordance with the Minute Entry of this Court dated December 11, 1987,

IT IS ORDERED that the defendants, Edwin W. Edwards, William J. Guste, Jr., James F. McKay, Robert Hilton Butler, and

C. Paul Phelps, be and they are hereby temporarily enjoined from executing the plaintiff herein, Antonio James, until the further orders of this Court.

IT IS FURTHER ORDERED that hearing will be held on the preliminary injunction on Thursday, December 17, 1987 at 10:00 a.m.

Plaintiff is ORDERED to submit briefs on all issues by Monday, December 14, 1987 at 4:00 p.m., and defendants are ORDERED to submit reply memoranda by Wednesday, December 16, 1987 at 9:00 a.m.

## ON PETITION FOR PRELIMINARY AND PERMANENT INJUNCTION

Antonio James, plaintiff in the above captioned case, has petitioned the Court for a preliminary and permanent injunction and a declaratory judgment. Pursuant to Rule 65(a)(2) and with the concurrence of all parties, the Court consolidated hearing on the Motion for Preliminary Injunctive Relief with Trial on the Merits. At trial on December 17, 1987, the parties did not file any exhibits into the record and did not call any witnesses to the stand. As it is undisputed that no contested issues of fact are presented, the Court will accordingly make its findings based on the stipulated facts, the record and the applicable law.

This action arises under the United States Constitution, particularly under the due process and equal protection clauses of the Fourteenth Amendment, and under federal law, particularly Title 42 of the United States Code, Section 1983. The Court has jurisdiction under and by virtue of Title 28 of the United States Code, Section 1343. Venue is proper by virtue of Title 28 of the United States Code, Sections 1391(b) and 1392(a), because the claim arose in this district and because defendant, James F. McKay, resides in this district.

*Factual and Procedural Background*

Plaintiff, Antonio James, is currently incarcerated on death row at the Louisiana State Penitentiary, Angola, Louisiana. On December 17, 1981, he was convicted of murder and ultimately sentenced to death in the Criminal District Court for the Parish of Orleans, Section "H," Judge James F. McKay, presiding.

Both the conviction and sentence were affirmed by the Louisiana Supreme Court on April 4, 1983. *See* 431 So.2d 399 (La. 1983). A rehearing was denied on June 3, 1983. The Louisiana Supreme Court refused to stay his execution, which was scheduled for September 15, 1983. An application for a writ of certiorari was filed in the United States Supreme Court, and Justice White issued a stay on September 6, 1983, pending the outcome of the writ. The United States Supreme Court denied the writ application on October 11, 1983, and the stay order was dissolved. The trial court set a new execution date of November 21, 1983. On November 7, 1983, a petition for stay of execution, evidentiary hearing and habeas corpus relief was filed in the trial court. That petition was denied by Judge McKay on November 18, 1983. The Louisiana Supreme Court likewise denied the stay and petition for post-conviction relief on November 18, 1983. Later that evening, this Court granted James a stay of execution pending action on an application for habeas corpus relief filed under 28 U.S.C. § 2254.

On June 2, 1984, that habeas corpus petition was dismissed without prejudice, and the stay of execution was dissolved. James then filed an amended habeas corpus petition in state court which was also denied. This was affirmed by the Louisiana Supreme Court. On July 27, 1984, another stay of execution was granted by this Court pending resolution on the amended habeas corpus petition. The petition was denied on September 17, 1986, and the stay was dissolved.

On September 4, 1987, the United States Court of Appeals for the Fifth Circuit affirmed the decision of this Court and denied rehearing on October 5, 1987. On October 29, 1987, the Fifth Circuit also denied a stay of the mandate. Defendant, Judge McKay, acting as required by state law, set James' execution date for December 15, 1987.

James then brought the instant action under 42 U.S.C. § 1983 in the United States

District Court for the Eastern District of Louisiana, alleging that his right of access to the courts under the First Amendment, and the "privileges and immunities" clause of Article IV of the United States Constitution had been abridged. Plaintiff also alleges that he has been deprived of his right to due process and equal protection of the law as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. Plaintiff seeks a temporary restraining order, a preliminary and permanent injunction, and declaratory judgment rendering the statute unconstitutional as applied to him. For reasons set forth in a Minute Entry dated December 11, 1987, the Court granted a temporary restraining order that stayed plaintiff's execution pending resolution of this matter.

*Law*

Under federal law, James has ninety days from the date of the entry of judgment of the last federal court below (for example, from the United States Court of Appeals for the Fifth Circuit) to file his petition for certiorari. 28 U.S.C. § 2101 provides that

> (c) Any other appeal or any writ of certiorari intended to bring any judgment or decree in a civil action, suit or proceeding before the Supreme Court for review shall be taken or applied for within ninety days after the entry of such judgment or decree.

28 U.S.C. § 2101(c).

The Fifth Circuit affirmed the District Court's denial of Antonio James' petition for a writ of habeas corpus on September 4, 1987 and denied the petition for rehearing on October 5, 1987. Thus, under federal law, plaintiff has until January 4, 1988 to file his petition for a writ of certiorari with the Supreme Court.

Louisiana Revised Statute 15:567(C) provides:

> If any Federal or Louisiana court grants a stay of execution, or if the governor of Louisiana grants a reprieve, the trial court shall reset the execution date at not less than thirty days nor no more than forty-five days from the dissolution of the stay order or termination or expiration of the reprieve.

La.Rev.Stat.Ann. 15:567(C) (West Supp. 1987). Thus defendant McKay gave plaintiff the maximum forty-five days from the October 29, 1987 date.

Defendants argue that this case should be dismissed for non exhaustion of state remedies because it is more properly construed as a petition for habeas corpus relief under 28 U.S.C. § 2254.

The demarcation line between civil rights actions and petitions for habeas corpus is not always clear, and the United States Supreme Court has recognized that there may be instances where the same constitutional rights may be addressed under either form of relief. *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed. 2d 935 (1974). While it is true that only habeas actions may give rise to a relief which will shorten the term of a prisoner's confinement, *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), it is more important that both actions serve to protect basic constitutional rights. *Wolff v. McDonnell*, 418 U.S. at 579, 94 S.Ct. at 2986, 41 L.Ed.2d 935.

In *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the United States Supreme Court held that when a state prisoner challenges the fact or duration of his physical imprisonment, and by way of relief seeks a determination that he is entitled to immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus. *Accord Richardson v. Fleming*, 651 F.2d 366 (5th Cir.1981); *Fulford v. Klein*, 529 F.2d 377 (5th Cir.1976).

■ At the heart of the instant case, however, is a claim that the La.Rev.Stat. Ann. § 15:567(C) has denied James full and fair access to the courts. No part of his complaint addresses the merits of his conviction or the conditions of his confinement. The only issue that is before the Court is whether plaintiff's access to the courts has been infringed. Therefore, the Court can only conclude that James has stated a cause of action under 42 U.S.C. § 1983 by alleging that defendants intentionally violated his right of access to the courts.

*Wright v. Newsome,* 795 F.2d 964 (11th Cir.1986); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir.1986); *Washington v. James,* 782 F.2d 1134 (2nd Cir.1986); *Ryland v. Shapiro,* 708 F.2d 967 (5th Cir.1983).

Defendants next argue that plaintiff's suit is moot by reason of the temporary restraining order which the Court granted on December 11, 1987. Under 28 U.S.C. § 2101, James has until January 4, 1988 to file his petition for a writ of certiorari in the Supreme Court. Under La.Rev.Stat. Ann. 15:567(C), Judge McKay cannot set a new execution date until at least thirty days have expired from the date of the dissolution of the stay order issued by this Court. At this point, James has his full ninety days to file his petition for certiorari in the United States Supreme Court.

■ The usual rule in federal cases is that an actual controversy must exist at all stages of an action, and not simply at the date it is initiated. *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). However, an exception may be made in those cases where the subject conduct is "capable of repetition, yet evading review." *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147; *citing Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). In the absence of a class action, this doctrine is limited to situations where (1) the challenged action has too short a duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again. *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975). *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

The instant situation does not fulfill the second requirement. The Court has no reason to believe that plaintiff will find himself in exactly the same situation again. At oral arguments, counsel for James advised the Court that his petition for certiorari will focus on whether the retroactive application of Louisiana Code of Criminal

Procedure 800(B) is unconstitutional in light of the recent Supreme Court ruling in *Gray v. Mississippi,* —— U.S. ——, 107 S.Ct. 2045, 95 L.Ed.2d 622 (1987).[1]

The Court cannot pass upon the merits of plaintiff's petition for habeas corpus. However, certain factors become important. The first is that since the Fifth Circuit denied the petition and the motion for a rehearing, a presumption of finality and legality attaches to the conviction and sentence. *Barefoot v. Estelle,* 463 U.S. 880, 888, 103 S.Ct. 3383, 3392, 77 L.Ed.2d 1090 (1983). Secondly, other methods are available to plaintiff to test the sufficiency of that ruling. It would be more proper for plaintiff to petition the Supreme Court. At that point, the merits of the case would be decided.

■ It is therefore not necessary for this Court to reach the merits of the presented issue at this time. Plaintiff has received his full ninety days to petition the Supreme Court for certiorari, and the instant action is now moot. For this reason, the Court will dissolve and revoke any effect the temporary restraining order in this case had in staying plaintiff's execution.

---

1. *See James v. Butler,* No. 86–3753 (5th Cir.) Application for Stay of Mandate.